IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**UNITED FINANCIAL CASUALTY COMPANY**             **PLAINTIFF**

**V.**             **4:22CV00234 JM**

**CLARK AUTO RECOVERY & TOWING, LLC, et al,**             **DEFENDANTS**

### ORDER

Pending is the Motion to Change Venue pursuant to 28 U.S.C.A. § 1404(a) filed by Separate Defendant Cherise Washington ("Washington"). Washington seeks a transfer of this case to the Western District of Tennessee. The motion is unopposed by Plaintiff but opposed by Separate Defendant Peggy Clark, individually and d/b/a Clark Towing/Clark Towing and Auto Recovery ("Peggy Clark").

Section 1404(a) states: "(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C.A. § 1404 (West). "The transferee forum must have both venue and personal jurisdiction over the parties." *Steinbuch v. Cutler*, No. 4:06CV00620 JLH (E.D. Ark. July 1, 2008) (citing 35A C.J.S. Federal Civil Procedure § 562).

In this case, it is Washington's burden to prove that a transfer to the Tennessee court is proper. Washington makes no argument regarding whether the Tennessee court has personal jurisdiction over the defendants. Without any information to as the defendants' contacts with Tennessee, the Court is unable to determine whether this case could have brought there. For this reason, the Court finds there is no basis for a § 1404(a) transfer.

Defendant Washington's motion to change venue (ECF No. 30) is DENIED.

IT IS SO ORDERED this 16th day of September 2022.

                                                         _____
                                                        James M. Moody Jr.
                                                        United States District Judge