IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**UNITED FINANCIAL CASUALTY COMPANY**     **PLAINTIFF**

V.                          4:22CV00234 JM

**CLARK AUTO RECOVERY & TOWING, LLC**
**aka CLARK AUTO RECOVERY and/or TONYA**
**CLARK AUTO RECOVERY, et. al,**          **DEFENDANTS**

ORDER

Separate Defendant Peggy Clark, individually and d/b/a Clark Towing/Clark Towing and Auto Recovery ("Peggy Clark") seeks judgment on the pleadings pursuant to Rule 12(c) on the issue of Plaintiff United Financial Casualty Company's duty to provide a legal defense to her in an underlying lawsuit filed by Sherise Washington (the "Washington suit"). Plaintiff has responded that the motion is moot because it is providing Peggy Clark's defense in the Washington suit. Peggy Clark also asks the Court to stay the proceedings against her until the Washington suit is concluded. For the reasons stated below, the motion for judgment on the pleadings is granted and the motion to stay the proceedings is denied.

I.  Standard of Review

"Judgment on the pleadings is appropriate where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law." *Lansing v. Wells Fargo Bank, N.A.*, 894 F.3d 967, 971 (8th Cir. 2018). A motion for judgment on the pleadings is assessed under the same standard as a Rule 12(b)(6) motion. *Ashley Cnty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). Under that standard, a court must accept as true all well-pleaded factual allegations in the relevant pleadings and draw all reasonable inferences in the non-moving party's favor. *Gorog v. Best Buy Co.*, 760 F.3d 787, 792 (8th Cir. 2014) (citation

omitted). Although the factual allegations need not be detailed, they must be sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citation omitted). A pleading's allegations must "state a claim to relief that is plausible on its face." *Id.* at 570, 127 S.Ct. 1955.

II.     Analysis

On August 10, 2020 Jason Hewett, was involved in an automobile accident in Memphis, Tennessee, while driving a tow truck allegedly owned by Clark Auto Recovery & Towing LLC a/k/a Clark Auto Recovery and/or Tonya Clark Auto Recovery. The tow truck allegedly struck a vehicle driven by Brandi Collins and she was killed. Ms. Collins's mother, Cherise Washington, filed suit against Peggy Clark and others in the Circuit Court of Shelby County, Tennessee.

Plaintiff issued a policy of insurance to Peggy Clark. Plaintiff filed this suit seeking a declaration from the Court that it owes no duty under the policy to any defendant, including Peggy Clerk, for any claims made against them as a result of the August 10, 2020 accident. Plaintiff contends in the Complaint that it does not have a duty to defend defendants in the Washington suit.

"As a general rule, when determining a liability carrier's duty to defend, the pleadings against the insured determine the insurer's duty to defend. The duty to defend is broader than the duty to indemnify; the duty to defend arises when there is a possibility that the injury or damage my fall within the policy coverage." *Kolbek v. Truck Ins. Exch.*, 431 S.W.3d 900, 905 (Ark. 2014) (citing *Murphy Oil USA, Inc. v. Unigard Sec. Ins. Co.*, 61 S.W.3d 807 (Ark. 2001)). In the Washington suit, Ms. Washington, as the mother and next of kin of Brandi Collins, claims that Defendant Jason Hewett was an employee of Peggy Clark and was acting within the course and

scope of his employment at the time of the accident and death of Brandi Collins. Ms. Washington seeks to recover damages from Peggy Clark for the negligence of Hewett.

Peggy Clark argues that the complaint in the Washington suit triggers Plaintiff's broad duty under the insurance policy to defend her in that case. Plaintiff responds that the motion is moot because it is currently defending Peggy Clark in the Washington action. Plaintiff, however, continues to assert that it does not have a duty to defend Peggy Clark. Therefore, the Court finds that the motion and Peggy Clark's defense are not moot by the fact that Plaintiff is defending her today. There is no confirmation that Plaintiff will continue to defend Peggy Clark pending the conclusion of this case or the Washington case. Peggy Clark remains exposed to the potential liability for her defense. Based upon the pleadings before the Court, the Court finds that there is a possibility that the damages sought in the Washington case may fall within the policy coverage. Plaintiff has the duty to defend Peggy Clark in the Washington case.

In a separate motion, Peggy Clark asks the Court to stay the proceedings against her in this case until liability has been determined in the Washington suit. Clark argues that will promote judicial economy and prevent the possibility of inconsistent judgments by this Court and the Tennessee court. Plaintiff contends that a stay of the proceedings here is improper because the cases are not parallel. The parties, arguments and ultimate issues in this case and Washington are different. Plaintiff who is not a party to the Washington suit argues that the Court can adjudicate Plaintiff's liability under the policy without waiting for the determination of fault in the Washington suit. To stay the case would only serve to delay these proceedings.

The Court finds that a stay of the proceedings relating to Peggy Clark would not promote judicial economy and the *Scottsdale* factors, to the extent they apply, weigh against a stay. Peggy Clark's motion to stay the proceedings is denied.

III.  Conclusion

Peggy Clark's motion for judgment on the pleadings (ECF No. 37) is GRANTED. The motion to stay proceedings (ECF No. 39) is DENIED.

IT IS SO ORDERED this 17th day of November, 2022.

_____
James M. Moody Jr.
United States District Judge