IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**UNITED FINANCIAL CASUALTY COMPANY**                     **PLAINTIFF**

V.                                    **4:22CV00234 JM**

**CLARK AUTO RECOVERY & TOWING, LLC**
**aka CLARK AUTO RECOVERY and/or TONYA**
**CLARK AUTO RECOVERY, et. al,**                          **DEFENDANTS**

## ORDER

Pending is the Motion for Summary Judgment filed by Plaintiff United Financial Casualty Company ("UFCC") and the Motion for Attorney's Fees filed by Peggy Clark which has been withdrawn. The only remaining defendants are Defendants G&W Diesel Service Incorporated and Carco Carriage Corporation (the "remaining defendants"). Neither of these parties has filed a response to the Motion for Summary Judgment.

I. Undisputed Facts

1. On August 10, 2020 Jason Hewett ("Hewett") was operating a 2005 Chevrolet C5500 tow truck (VIN 1GBE5C1275F524487) ("tow truck") and was involved in a seven-vehicle accident on Interstate 55 in Memphis, Tennessee.

2. The officer investigating the accident determined that Hewett caused the series of events by losing control of the tow truck and hitting a concrete divider. Six other vehicles were involved in the series of events after Hewett lost control of the tow truck.

3. At the time of the August 10, 2020 accident, Timothy Clark, Jr. owned fifty percent of Clark Auto Recovery and Tonya Clark owned fifty percent of Clark Auto Recovery. (ECF No. 82-1 at p. 18).

4. At the time of the August 10, 2020 accident, Timothy Clark, Jr. and Tonya Clark were married and resided together. *Id.* at p. 12-13; ECF No. 82-2 at p. 7-8.

5. The tow truck driven by Hewett was registered in the State of Arkansas to Tonya Clark on January 16, 2020. (ECF No. 82-4; 82-1 at p. 33-34; 82-2 at p. 20).

6. The tow truck driven by Hewett at the time of the accident is not listed on the declarations page of the Clark Auto Recovery Policy. (ECF No. 82-1 at p. 29; 1 at Exhibit A).

7. The tow truck was purchased by Timothy Clark, Jr. and registered by Tonya Clark before the effective dates of the Clark Auto Recovery Policy. (ECF 82-1 at p. 49; 80-2 at p. 22-23, 39).

8. The tow truck was never added to the Clark Auto Recovery Policy. (ECF No. 82-1 at p. 30-31; 1 at Exhibit A; 82-2 at p. 23, 39-40).

9. The 2016 F450 and the 2008 Peterbilt listed on the Clark Auto Recovery Policy were both still owned by Timothy Clark, Jr., Tonya Clark or Clark Auto Recovery and were in working order at the time of the August 10, 2020 accident. (ECF No. 82-1 at p. 31, 49-50; 82-2 at p. 12-13, 18).

10. Hewett is not a listed driver on the Clark Auto Recovery Policy. (ECF No. 82-1 at p. 29; 1 at Exhibit A; 82-2 at p. 18-19).

11. Neither Peggy Clark nor Clark Towing ever owned, used or maintained the tow truck driven by Hewett. (ECF No. 1 at p. 35; 82-3).

12. Since 2017 up until the time of the August 10, 2020 accident, neither Peggy Clark nor Clark Towing had any ownership interest nor had any involvement with the business of Clark Auto Recovery. (ECF No. 82-1 at p. 19-20, 28-29; 82-3).

13. Since 2017 up until the time of the August 10, 2020 accident, neither Timothy Clark, Jr. nor Clark Auto Recovery had any ownership interest nor had any involvement with the business of Peggy Clark or Clark Towing. (ECF No. 82-1 at p. 21-22; 82-3).

14. Peggy Clark and Tonya Clark have never had any business affiliation with one another. (ECF No. 82-3).

15. The tow truck driven by Hewett at the time of the accident is not listed on the declarations page of the Clark Towing Policy. (ECF No. 1 at Exhibit B).

16. Hewett is not a listed driver on the Clark Towing Policy. (ECF No. 82-1 at Exhibit B, at page. 17). Neither Timothy Clark, Jr., Tonya Clark nor their business entities have filed an answer nor otherwise entered an appearance in this matter. Default judgment has been entered against them.

17. United Financial Casualty Company ("UFCC") issued Policy Number 06546452-2 to Clark Auto Recovery, with effective dates from February 16, 2020 through February 16, 2021. The policy contract is modified by forms Z433AR, 2372, 1198, Z438, 4852AR, 4881AR and Z228. (ECF No. 1 at Exh. A).

18. UFCC issued Commercial Automobile Policy Number 00391851-0 to Peggy Clark, Clark Towing, with effective dates from February 1, 2020 through February 1, 2021. The policy contract is modified by forms 2852AR, Z433AR, 2372, 1890, MCS90, 1198, Z438, 4852AR, 4881AR and Z228. *Id.* at Exh. B

19. Peggy Clark did not notify UFCC that she was served with a summons and complaint in the Washington lawsuit until sometime after a motion for default judgment was filed against her.

II. Standard for Summary Judgment

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56. The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial -- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991

(1979). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, [to] point out to the District Court, that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent s burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted) brackets in original)). Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

### III. Analysis

Applying the undisputed facts to the plain language of the two applicable policies issued by UFCC, it is clear there is no coverage for the remaining defendants for any damages claimed to have occurred as a result of the August 10, 2020 collision. The policies at issue do not afford coverage to the remaining defendants for any damages alleged to have occurred as a result of a multi-vehicle collision that occurred on August 10, 2020. There is no possibility that either policy affords coverage to the remaining defendants for damages occurring as a result of the accident and UFCC's duty to defend the underlying Washington and Pennington lawsuits or any future lawsuits on behalf of the remaining defendants that may be filed as a result of the accident is extinguished.

### IV. Conclusion

UFCC's Motion for Summary Judgment (ECF No. 82) is GRANTED as to G&W Diesel Service, Incorporated and Carco Carriage Corporation. The Motion for Attorney's Fees (ECF No.

97) is WITHDRAWN and the Motion to Withdraw (ECF No. 103) is GRANTED. The Clerk is directed to close the case.

    IT IS SO ORDERED this 5th day of April, 2023.

_____
James M. Moody Jr
United States District Judge